UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WAYNE JONES, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) Civil Action No. 24-1510 (UNA) <br> ) |
| ATTORNEY GENERAL, *et al.*, | ) <br> ) |
| Respondents. | ) <br> ) |

**MEMORANDUM OPINION**

David Wayne Jones, Jr. ("Petitioner") is serving a prison sentence at the Roxbury Correctional Institution in Hagerstown, Maryland. A criminal case allegedly remains pending against him in the Superior Court of the District of Columbia, and on July 18, 2023, Petitioner's Warden issued a Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition. *See* Pet. (ECF No. 1), Ex. (ECF No. 1-1 at 1-2). On that same date, Petitioner executed a Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints. *See id.*, Ex. (ECF No. 1-1 at 3-4). According to the Certificate of Inmate Status, as of July 18, 2023, Petitioner has served roughly 11 months of a five-year prison sentence; his parole eligibility date is February 18, 2025; and his projected release date is December 11, 2025. *See id.*, Ex. (EF No. 1-1 at 5-6).

This matter is before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner's claim arises under the Interstate Agreement on Detainers ("IAD"), *see* Pet. at 1, 4, which in relevant part provides:

1

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

D.C. Code § 24-801 art. III(a).

"[T]he IAD encourages expeditious disposition of charges and establishes cooperative procedures among party States." *Grant v. United States*, 856 A.2d 1131, 1133 (D.C. 2004) (citation omitted). As indicated above, it "authorizes a prisoner to file a request for final disposition of outstanding charges related to a detainer, after which request the prisoner must be brought to trial in the receiving jurisdiction within one hundred and eighty days from the date the request was made unless the court grants a continuance for 'good cause.'" *Id*. at 1133-34 (citation omitted); *see Felix v. United States*, 508 A.2d 101, 107 (D.C. 1986) ("The generally accepted view is . . . , that notwithstanding the mechanism used to obtain a prisoner's custody in the receiving state, where a prisoner files the proper written notice or certificate requesting final disposition of charges, the 180-day speedy trial period contained in Article III is the operative time provision."). The clock begins to run when "the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Cooper v. United States*, 28 A.3d 1132, 1137–38 (D.C. 2011) (quoting *Fex v. Michigan,* supra, 507 U.S. 43, 52 (1993)) (internal quotation

marks omitted). For purposes of this discussion, the Court presumes without deciding that delivery occurred on July 18, 2023, and more than 180 days have passed since then.

Petitioner argues that Respondents' failure to bring him to trial within 180 days requires dismissal of the pending charges against him. *See* Pet. at 4. This federal district court cannot grant the relief Petitioner demands. Under the IAD:

> "[I]n the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, *the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice*, and any detainer based thereon shall cease to be of any force or effect.

D.C. Code § 24-801 art. V(c) (emphasis added). The court "where the indictment, information, or complaint [is] pending," *id*., is the Superior Court of the District of Columbia, not the United States District Court for the District of Columbia. *Cf. Washington v. District of Columbia*, 56 A.3d 1155, 1158 (D.C. 2012) (noting that, because the United States Attorney for the District of Columbia "failed to bring appellant to trial within 180 days . . . *charges were dismissed by the trial court* with prejudice as required by the IAD") (citing D.C. Code § 24–801 art. V(c)) (emphasis added).

The Court GRANTS Petitioner's application to proceed *in forma pauperis* and DENIES his habeas petition without prejudice. An Order is issued separately.

DATE: July 31, 2024

/s/
TREVOR N. McFADDEN
United States District Judge